# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **P.M.**

**No. 22-0162** (Putnam County 19-JA-8)

## MEMORANDUM DECISION

Petitioner Mother A.C., by counsel Shawn D. Bayliss, appeals the Circuit Court of Putnam County's January 31, 2022, order terminating her parental rights to P.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Rosalee Juba-Plumley, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in terminating petitioner's parental rights when no evidence or testimony was presented at the hearing on the child's guardian's motion to modify disposition. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

In January of 2019, the DHHR filed a child abuse and neglect petition against petitioner alleging that petitioner's severe mental health issues impacted her ability to parent then-four-year-old P.M. The court appointed petitioner a guardian ad litem. In May of 2019, upon the recommendation of her counsel and her guardian, petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period. However, petitioner denied any psychiatric issues and refused to participate in services. In August of 2020, based upon the recommendation of the child's guardian and the DHHR, the circuit court terminated petitioner's custodial rights so that she could seek to modify disposition in the future after having addressed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

her mental health issues. Petitioner appealed, and this Court affirmed the September 23, 2020, dispositional order. *See In re P.M.*, No. 20-0831, 2021 WL 2556579 (W. Va. Jun. 22, 2021)(memorandum decision).

At a status hearing in March of 2021, the guardian advised the circuit court that there had been several recent Child Protective Services ("CPS") referrals against P.M.'s father, who had placement of the child. The guardian believed that petitioner was making the claims against the father and stated that the claims were unsubstantiated and disruptive to the child. The circuit court granted the guardian's motion to order the DHHR to release the name of the reporter in the CPS referrals to ascertain if it was, in fact, petitioner making the unsubstantiated claims.[2] The circuit court further ordered that petitioner's phone calls with the child be suspended.

The circuit court held another status hearing in July of 2021. Petitioner requested that her phone calls with the child be reinstated. However, the circuit court denied the motion, finding that petitioner had not addressed her mental health issues, as evidenced by her behavior during the hearing, and that it was not in the child's best interests to have contact with petitioner. The circuit court further ordered that it would not hear any more self-represented motions from petitioner and instructed petitioner that her counsel was to file any motions on her behalf.

In September of 2021, the child's guardian filed a motion to modify disposition by terminating petitioner's parental rights. The guardian reported that petitioner was obsessively contacting the child's father and was making false CPS reports against him on a nearly weekly basis. According to the guardian, petitioner's actions were upsetting the child. The guardian asserted that modifying disposition was in the child's best interest.

In November of 2021, the circuit court held a status hearing. Petitioner was incarcerated at that time but participated in the hearing via videoconferencing. The circuit court noted that, contrary to the court's earlier order, petitioner had filed a self-represented motion for the appointment of a new judge. The circuit court referred the motion to this Court and held the proceedings in abeyance pending a ruling from the Court.

The circuit court held a hearing on the child's guardian's motion to modify disposition in January of 2022, after this Court denied petitioner's motion for a new judge. The DHHR filed an updated case plan, and the circuit court heard the arguments of the parties. No sworn testimony was taken, nor was any evidence introduced. The circuit court found that "the situation with [petitioner] has continued to deteriorate . . . although we haven't taken formal evidence here today, I think the [c]ourt can pretty well take judicial notice of where we are and how we got here." Ultimately, the circuit court terminated petitioner's parental rights upon findings that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future

---

[2]Although the parties do not cite to the DHHR's release of this information, the guardian's dispositional report filed in support of her motion to modify disposition notes numerous times that petitioner was making false CPS reports.

and that termination was necessary for the child's welfare. Petitioner appeals the January 31, 2022, dispositional order terminating her parental rights to the child.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights upon insufficient evidence. Petitioner notes that the circuit court acknowledged that no formal evidence was taken on the child's guardian's motion to modify disposition but, nevertheless, terminated her parental rights based upon judicial notice of "where we are and how we got here." Petitioner asserts that such a ruling is improper as there was not sufficient evidence presented at any hearing following the dispositional hearing that would support a modification to her disposition. In the absence of any evidence, neither the guardian nor the DHHR met its burden of showing a material change of circumstances such that modification was necessary.

Pursuant to West Virginia Code § 49-4-601(h), "[i]n any proceeding pursuant to this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Indeed, as this Court has held,

> "West Virginia Code, Chapter 49, Article [4], Section [601 (2015)], as amended, and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court or other arm of the State from terminating the parental rights of a natural parent having legal custody of his child, without notice and the opportunity for a meaningful hearing." Syl. Pt. 2, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).

---

[3]The father was deemed a nonabusing parent. The permanency plan for the child is to remain in the care of his nonabusing parent.

Syl. Pt. 3, *In re T.S.*, 241 W. Va. 559, 827 S.E.2d 29 (2019).[4] Here, the circuit court violated petitioner's right to be heard. At a minimum, by failing to require the guardian or the DHHR to present a single witness in support of its position at disposition, petitioner was not permitted to exercise her right to cross-examination.

This Court has previously held that "'[t]he standard of proof required to support a court order limiting or terminating parental rights to the custody of minor children is clear, cogent and convincing proof.' Syllabus Point 6, *In re: Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1974)." Syl. Pt. 2, *In re Samanatha M.*, 205 W. Va. 383, 518 S.E.2d 387 (1999). Further,

> [w]hile the West Virginia Code 'does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden,' it must take the form of affirmative evidence presented or adopted by the party with the burden of proof—DHHR—upon which the circuit court may base its disposition.

*In re C.S.*, No. 21-0694, —— W. Va. ——, ——, —— S.E.2d ——, ——, 2022 WL 2155209 (W. Va. June 15, 2022) (citations omitted). Moreover, pursuant to West Virginia Code § 49-4-606(a),

> [u]pon motion of a child, a child's parent or custodian or the department alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

Here, the dispositional hearing lasted eighteen minutes and consisted of unsworn statements by the child's guardian and the DHHR. No evidence was presented. While the circuit court attempted to take judicial notice of the proceedings, a review of the orders from each of the status hearings reveals that no sworn testimony or evidence was presented at any time following the dispositional hearing. Given that no evidence was presented at the modification hearing, it cannot be said that the guardian or the DHHR met the burden of clear and convincing proof. Therefore, the termination of petitioner's parental rights was erroneous.[5]

As we have explained,

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the

---

[4]While this holding specifically references a prior version of West Virginia Code § 49-4-601, the current version, enacted in May of 2019, retains language requiring that parents be provided a "meaningful opportunity to be heard, including the opportunity to testify."

[5]While petitioner argues that the guardian's assertions in her motion are insufficient to support a finding of a material change in circumstances pursuant to West Virginia Code § 49-4-606(a), we need not address this argument as we are remanding the matter for the holding of a proper hearing with evidence.

disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 624, 558 S.E.2d 620, 623 (2001). We find that the process established by our rules has been substantially disregarded or frustrated such that the dispositional order must be vacated, in part, and the matter remanded for the holding of a new hearing on the guardian's motion to modify disposition where the guardian and/or the DHHR shall present evidence in support of its recommendation. Additionally, petitioner must be provided the opportunity to cross-examine any witnesses presented or otherwise present any evidence she believes supports her position.

For the foregoing reasons, the January 31, 2022, order terminating petitioner's parental rights is vacated, and this case is remanded with direction to the circuit court to hold a hearing in keeping with this memorandum decision. This Court is not suggesting any outcome in vacating and remanding this matter. Rather, the desired result is that another hearing be held so that evidence may be presented and that the case be fully developed and properly resolved. Taking into consideration the length of time that this case has been pending, the circuit court is ordered to hold the new hearing without delay.

The Clerk is directed to issue the mandate in this case forthwith.

Vacated and Remanded with Directions.

**ISSUED**: August 30, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

Hutchison, Chief Justice, concurring:

I agree that vacating and remanding this case for an evidentiary hearing is the proper course of action, so I join the memorandum decision. I simply take a few lines to address a limited concern I have with the memorandum decision's legal reasoning.

The memorandum decision states,

> Here, the circuit court violated petitioner's right to be heard. At a minimum, by failing to require the guardian or the DHHR to present a single witness in support of its position at disposition, petitioner was not permitted to exercise her right of cross-examination.

This language may be read to imply that the right of cross-examination gives one party the power to compel an opposing party to call witnesses. Such a reading would be incorrect. The right of cross-examination permits, subject to reasonable limitation, one side to question the other side's witnesses after they testify. The right of cross-examination does not empower one side to force the other side to call witnesses. Of course, as demonstrated in this case, a party with a burden of proof who fails to call any witnesses or produce any competent evidence necessarily fails to carry their burden and cannot prevail. This is not a function of an inability to cross-examine, but a case of insufficient evidence.

With these caveats, I join the memorandum decision.